[S. F. No. 69.    Department One.—July 24, 1896.]

# THE LADY WASHINGTON CONSOLIDATED COMPANY, APPELLANT, v. W. S. WOOD ET AL., RESPONDENTS.

FRAUD—RELEASE OF CLAIM AGAINST ESTATE—ASSUMPTION OF DEBT BY CORPORATION—DISTRIBUTION OF ESTATE—LIMITATION OF ACTION—PLEADING—DISCOVERY OF FRAUD.—A complaint by a corporation, alleging that its former board of directors entered into a fraudulent conspiracy with an executor and another corporation, in pursuance of which the estate represented by the executor was formally released, under a resolution of such board, and the other corporation agreed to and did assume the debt of the estate, and give its note therefor, which was never paid, and that the estate was solvent; and seeking, more than three years after the date of the release, to set it aside, and also to set aside a decree of distribution of the estate, and to continue its administration for the purpose of paying the claim, and alleging generally that the fraud complained of was not discovered until within six months preceding the filing of the complaint, but not alleging any concealment of the fraud, nor stating facts connected with the discovery, nor facts showing that it could not have been before discovered with reasonable diligence, shows on its face that the action is barred by the statute of limitations, and is demurrable on that ground.

ID.—EXCEPTION TO STATUTE MUST BE PLEADED—STATEMENT OF FACTS.—The right of a plaintiff to invoke a court of equity for relief against fraud, after the expiration of three years from the time when the fraud was committed, is an exception to the statute, which must be affirmatively pleaded, and the plaintiff must bring himself within the terms of the exception, and state the facts showing that he is within those terms.

ID.—"DISCOVERY" OF FRAUD—QUESTION OF LAW—SUFFICIENCY OF COMPLAINT.—"Discovery" and "knowledge" are not convertible terms; and, whether there has been a discovery of the facts constituting the fraud within the meaning of the statute of limitations, is a question of law to be determined from the facts pleaded; and it is not sufficient to aver the mere conclusion of discovery of the fact within three years, nor to aver mere ignorance of the facts at the time of their occurrence, and no information thereof until within three years; but the plaintiff must show that the acts of fraud were committed under such circumstances that they were not presumptively within his knowledge, and must show the times and the circumstances under which they were brought to his knowledge, so that the court may determine whether or not the discovery was within the time alleged.

ID.—MEANS OF KNOWLEDGE EQUIVALENT TO KNOWLEDGE—CIRCUMSTANCES PUTTING UPON INQUIRY—PRESUMPTIVE KNOWLEDGE.—The means of knowledge are equivalent to knowledge, and if it appear that plaintiff has notice or information of circumstances putting him upon an inquiry, which, if followed, would lead to knowledge of the facts, or if they are

presumptively within his knowledge, he will be deemed to have had actual knowledge of the facts.

ID.—OPEN TRANSACTIONS—PUBLIC RECORDS—BOOKS OF CORPORATION— FRAUD OF DIRECTORS.—Where from the nature of the transactions sought to be impeached for fraud, they were open and public, and were matters of public record, and were also entered upon the books of the corporation plaintiff, neither the corporation nor its stockholders, after the lapse of three years from the time when they should have ascertained the facts, can question their validity, notwithstanding the fact that the directors of the corporation, at the time of the transactions, are alleged to have been participants in the fraud.

APPEAL from a judgment of the Superior Court of Contra Costa County.  JOSEPH P. JONES, Judge.

The facts are stated in the opinion of the court.

*W. T. Baggett*, for Appellant.

The allegations of the complaint of want of knowledge by plaintiff of the frauds and facts connected with the passage of the resolution and with the release, until within a year prior to the filing of the complaint, and of lack of opportunity to ascertain the true facts, were sufficient.  (*Oakland* v. *Carpentier*, 13 Cal. 540.)  This action being one of purely equitable cognizance, the time within which it must be brought is fixed by section 343 of the Code of Civil Procedure.  (*Piller* v. *Southern Pac. R. R. Co.*, 52 Cal. 42; *Stewart* v. *Thompson*, 32 Cal. 261; *Oakland* v. *Carpentier*, *supra*.)

*Lloyd & Wood*, for Respondents.

The cause of action alleged in the complaint is barred by subdivision 4, of section 338, of the Code of Civil Procedure.  The allegations of the complaint as to the time of discovery of the frauds and the facts connected therewith are entirely insufficient.  And there is a total want of any showing that the facts might not have been discovered sooner.  (Wood on Limitations, sec. 276; *Norris* v. *Haggin*, 28 Fed. Rep. 275; *Bangs* v. *Loveridge*, 60 Fed. Rep. 964; *Doyle* v. *Callaghan*, 67 Cal. 154; *Lataillade* v. *Orena*, 91 Cal. 565; 25 Am. St. Rep. 219; *Leroy* v. *Mulliken*, 59 Cal. 281.)  The fraud must be

secret or concealed, not open, known, or visible, to pre-
vent the bar of the statute from running. (*Martin* v.
*Smith*, 1 Dill. 85, and cases cited; *Bishop* v. *Little*, 3
Greenl. 405.) Plaintiff is chargeable with knowledge
of the action of its directors and of the entries in its
books of account. (*Martin* v. *Smith, supra; Rugan* v.
*Sabin*, 53 Fed. Rep. 415; 10 U. S. App. 519; *Smith* v.
*Talbot*, 18 Tex. 784, 785; *Gillespie* .v. *Cooper*, 36 Neb. 786,
and cases cited; *Wood* v. *Carpenter*, 101 U. S. 135, and
cases cited; *Broderick's Will*, 21 Wall. 503; *Taylor* v.
*South etc. R. R. Co.*, 4 Woods, 575; *Underhill* v. *Santa
Barbara etc. Co.*, 93 Cal. 312; *Peabody* v. *Phelps*, 9 Cal.
213; *Hecht* v. *Slaney*, 72 Cal. 367; *Moore* v. *Boyd*, 74 Cal.
167; 2 Rice on Evidence, sec. 890, and cases cited; 1
Greenleaf on Evidence, sec. 493, and cases cited; *Allen*
v. *Coit*, 6 Hill, 318; *Dannmeyer* v. *Coleman*, 8 Saw. 51;
*Ashhurst's Appeal*, 60 Pa. St. 290; *Montgomery* v. *Bank*,
15 Am. & Eng. Corp. Cas. 595; *Blake* v. *Griswold*, 103
N. Y. 429; *Haynes* v. *Brown*, 36 N. H. 546; *McFadden*
v. *Los Angeles County*, 74 Cal. 571; *Leonard* v. *Burlington
etc. Loan Assn.*, 55 Iowa, 600.)

HARRISON, J.—The plaintiff presented a claim against
the estate of Seth Cook, deceased, of which the defend-
ant Wood was executor, for the sum of twenty-three
thousand five hundred and forty dollars, which on Jan-
uary 15, 1890, was allowed by the executor and approved
by the judge of the superior court, and filed with the
clerk. Thereafter the American Mill and Mining Com-
pany, a corporation, offered to the plaintiff to assume
the said indebtedness of said estate, and to execute its
promissory note therefor to the plaintiff, payable sixty
days after date, and, on October 1, 1890, the board of
directors of the plaintiff passed a resolution accepting
the said proposition, and authorizing its president and
secretary, upon the receipt of said promissory note, to
execute to the aforesaid executor a release and satisfac-
tion of its claim against the estate of Cook. After the
passage of this resolution the executor presented to the

superior court his petition, setting forth the said agreement, and asking for an order allowing him to sell and deliver to the said corporation certain property belonging to the estate of Cook, upon the consideration that it would assume the payment of the plaintiff's claim against the estate, and cause the estate to be released therefrom, and, after due notice of said petition, the court made the order prayed for. Thereupon the American Mill and Mining Company executed to the plaintiff its promissory note for said amount, bearing date October 7, 1890, payable sixty days after date, and the plaintiff executed to the executor a release of its claim against Cook's estate. June 4, 1892, an order was made and entered by the superior court finally distributing the estate of Cook to the defendant Boyd, and discharging the executor from his trust. The plaintiff brought this action to obtain a judgment setting aside the aforesaid release of its claim, that the property distributed to the defendant Boyd be declared chargeable with the payment of said claim, that the decree of distribution be vacated, and that administration of said estate be continued for the purpose of paying said claim.

It is alleged in the complaint herein that the resolution of the plaintiff's board of directors authorizing the release of its claim against the estate of Cook, and the release afterward executed, the petition of the defendant Wood for the aforesaid order of the court, the execution of the note by the American Mill and Mining Company, and its agreement to assume the indebtedness of Cook—were all made in furtherance of a fraudulent scheme and purpose on the part of certain interested parties to exempt the estate of Cook from the payment of said claim; that the directors of the plaintiff who authorized the said release, and the said executor of the will of Cook, were parties to the same fraudulent scheme; that the estate of Cook was solvent, and fully able to pay the said claim, and that said claim could have been readily collected from his estate; that the said American Mill and Mining Company has not paid

said note or any part thereof, and that the estate distributed to the defendant Boyd is still held by said defendant. The defendants severally demurred to the complaint upon the ground that it does not state a cause of action, and that the cause of action is barred by subdivision 4, section 338, of the Code of Civil Procedure. The demurrers were sustained, and judgment entered in favor of the defendants, from which the plaintiff has appealed. The time at which the action was commenced is not shown by the record, but the appellant states in its brief, and it is not disputed by the respondent, that it was in March, 1894, and, for the purpose of determining the sufficiency of the complaint, that will be assumed as the date when the complaint was filed.

The right of a plaintiff to invoke the aid of a court of equity for relief against fraud, after the expiration of three years from the time when the fraud was committed, is an exception to the general statute on that subject, and cannot be asserted unless the plaintiff brings himself within the terms of the exception. It must appear that he did not discover the facts constituting the fraud until within three years prior to commencing the action. This is an element of the plaintiff's right of action, and must be affirmatively pleaded by him in order to authorize the court to entertain his complaint. "Discovery" and "knowledge" are not convertible terms, and whether there has been a "discovery" of the facts "constituting the fraud," within the meaning of the statute of limitations, is a question of law to be determined by the court from the facts pleaded. As in the case of any other legal conclusion, it is not sufficient to make a mere averment thereof, but the facts from which the conclusion follows must themselves be pleaded. It is not enough that the plaintiff merely avers that he was ignorant of the facts at the time of their occurrence, and has not been informed of them until within the three years. He must show that the acts of fraud were committed under such circumstances

that he would not be presumed to have any knowledge of them—as that they were done in secret or were kept concealed; and he must also show the times and the circumstances under which the facts constituting the fraud were brought to his knowledge, so that the court may determine whether the discovery of these facts was within the time alleged; and, as the means of knowledge are equivalent to knowledge, if it appears that the plaintiff had notice or information of circumstances which would put him on an inquiry which, if followed, would lead to knowledge, or that the facts were presumptively within his knowledge, he will be deemed to have had actual knowledge of these facts. These principles are so fully recognized that mere reference to some of the cases in which they have been enforced will be sufficient. (*Martin* v. *Smith*, 1 Dill. 85; *Wood* v. *Carpenter*, 101 U. S. 135; *Hecht* v. *Slaney*, 72 Cal. 363; *Moore* v. *Boyd*, 74 Cal. 167; *Lataillade* v. *Orena*, 91 Cal. 565; 25 Am. St. Rep. 219.)

Testing the complaint herein by these rules it falls far short of showing that the plaintiff is within the exception to the statute, or that its cause of action is not within the apparent bar of the statute. These transactions were had in October, 1890, and their correctness remained unquestioned until March, 1894. In the meantime, the estate of Cook was distributed, and its administration closed and the executor discharged. The only right of action alleged by the plaintiff in its complaint is to be relieved from the effect of its release to the estate of Cook of the claim against that estate which had been allowed by the executor, and to recover the amount of that claim; and the only fraudulent acts to be considered herein are those by which it was induced to execute that release. It was necessary for the plaintiff, therefore, to allege not only the facts constituting this fraud, but also the facts connected with its discovery, so that it might appear from the complaint that the action was not barred by the statute of limitations. The only averment by the plaintiff in this

respect is that "it was not informed of and did not know or discover any of the aforesaid frauds, or the facts connected therewith, until within six months preceding the filing of the complaint herein." It is not averred that any of these facts, or of the transactions set forth as constituting the fraud, were done secretly, or were concealed from the plaintiff, or that any information which it sought was refused, or that, indeed, it sought to obtain any information upon the subject. On the contrary, it appears from the nature of the transactions themselves that they were open and public. The resolution to execute the release was spread upon the records of the plaintiff at the time it was passed by its board of directors. The petition to the superior court, with a copy of the agreement for a release, and the order of the court thereon, were also public records open to the inspection of everyone. When this petition was filed, public notice thereof was given by the clerk under the order of the court; and, upon the execution of the release, the plaintiff received the promissory note provided for by the agreement, and the transaction was entered upon the books of its treasurer. The plaintiff ought not now to be permitted to say that it did not discover the transactions when they were spread at large upon its records and books of account.

The plaintiff, however, seeks to avoid the effect of these entries upon its books by the allegation that its directors, who are charged as confederates in the fraud, remained in office, and in the control of its affairs, until within one year prior to the commencement of the action, "and plaintiff was afforded no opportunity through innocent and honest directors to look into and ascertain the facts herein set forth, until within one year prior to the filing of the complaint herein." Whether the plaintiff was afforded an opportunity, through innocent and honest directors, to look into and ascertain the facts set forth in the complaint or not, is unavailing to relieve it from the effect of the delay. The plaintiff is but the representative of its stockhold-

ers, and can have no rights in the matter other than in behalf of its stockholders; and, if all of the stockholders authorized the release, the plaintiff was not defrauded. It does not appear from the complaint that at the time of the transactions complained of there were any stockholders of the plaintiff other than those who authorized the release. If there were other stockholders, they were chargeable with knowledge of all the acts of the directors which were spread upon the records of the corporation, and of all the facts connected therewith that the inquiry suggested thereby would have disclosed. Between the time that these transactions were had, and the commencement of this action, more than three years elapsed, and it is to be presumed that there were three annual meetings of the stockholders during that time, at each of which they could have ascertained all of the facts connected with the release. Whether they did ascertain them, and made no objection thereto, or whether they neglected to inform themselves, is immaterial. They cannot be permitted to question their validity after the lapse of more than three years from the time when they should have ascertained them. Nor can the plaintiff, as their representative, claim that, with such opportunities for ascertaining the facts, it had no opportunity to ascertain them. "The shareholders of a corporation cannot avoid responsibility for the unauthorized acts of their agent, by abstaining from inquiry into the affairs of the company, or by absenting themselves from the company's meetings, and at the same time reap the benefit of their acts in case of success." (*Underhill* v. *Santa Barbara etc. Co.*, 93 Cal. 312.)

*Oakland* v. *Carpentier*, 13 Cal. 540, is not in contravention of this proposition. The frauds there alleged were not matters of record, or a written agreement openly executed, but were charged to result from a secret agreement for the purpose of accomplishing an act fraudulent in itself. The action was against Carpentier, who had been elected as one of the trustees of the plaintiff, and was charged to be in the enjoyment of the

property which the plaintiff had chosen him to protect, and the court was discussing what would be the effect of the ordinance if it were shown that its passage had been procured by Carpentier for his own benefit, while dealing with the town of which he had been elected a trustee.

The judgment is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.