[Civ. No. 1757.  Second Appellate District.—August 4, 1915.]

## MARY E. TEATS, Appellant, v. GERTRUDE M. CALDWELL, Administratrix with Will Annexed of Estate of Henry Palmer, Deceased, Respondent.

PRINCIPAL AND AGENT—SECRET PROFIT—AGENT NOT ENTITLED TO.—That an agent may not, as such, make a secret profit out of a transaction wherein he represents his principal, is a rule universally recognized and has no exception.

ID.—ACTION TO RECOVER SECRET PROFITS—MOTION FOR NONSUIT—CONSTRUCTION OF EVIDENCE.—In an action by a principal to recover secret profits received by the agent on a transaction for the principal, on a motion for nonsuit all inferences fairly deducible from the evidence and tending to establish the relation must be considered as facts proven in favor of the plaintiff; and it is held in this case that the evidence was sufficient to show the relation of principal and agent between the plaintiff and defendant in the transaction involved, and that the motion for nonsuit should have been denied.

ID.—STATUTE OF LIMITATIONS—ACTION FOR FRAUD—SECTION 338 CODE CIVIL PROCEDURE—PLEADING—DISCOVERY.—Section 338 of the Code of Civil Procedure provides that an action for relief on the ground

of fraud must be brought within three years, but also provides that such action shall not be deemed to have accrued until discovery by the aggrieved party of the facts constituting the fraud; and in such an action an allegation in the complaint that the plaintiff but recently, to wit: on a certain date discovered that the representation made to her by the defendant was false, fraudulent, and untrue, and she had not until within the said time discovered the fraud and deceit practiced upon her, is a sufficient averment of want of discovery of the facts constituting the fraud prior to the time alleged; especially where it appears that the plaintiff was at all times a nonresident of the state.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

James H. Blanchard, for Appellant.

H. M. Barstow, and Denio & Hart, for Respondent.

SHAW, J.—This is an appeal from a judgment of nonsuit rendered against plaintiff at the close of her evidence, and from an order of court denying her motion for a new trial.

The action is to recover the sum of six hundred and fifty dollars and is based upon the alleged fact that defendant's intestate, Henry Palmer, was the agent of plaintiff, who resided in the east, and as such agent intrusted him with the purchase for her of real estate in California; that in June, 1907, having in his possession upwards of one thousand six hundred and fifty dollars of plaintiff's money, he with said sum purchased for her a lot the price of which he represented to be one thousand six hundred and fifty dollars, whereas in truth and in fact the cost thereof was one thousand dollars only. The answer denied the alleged agency, or that said Palmer held said money as such agent for the purpose of investment on plaintiff's account, and, in brief, denied all of the alleged fraudulent acts. The answer further alleged that the cause of action was barred by subdivision 4 of section 338 of the Code of Civil Procedure.

The evidence introduced tended to show that plaintiff, who lived in Chicago, met Palmer while on a visit to California in 1902, at which time he acted as her agent in the purchase of a

lot which he thereafter sold for her at a profit, retaining in his possession the proceeds of such sale until plaintiff, at his suggestion and relying upon his good faith in so advising her, purchased through him another lot. A number of letters written by Palmer to plaintiff were received in evidence for the purpose of showing the alleged relation. In October, 1906, after the sale of the first lot purchased for plaintiff, Palmer sent her a statement of her account, showing moneys received and disbursements made on her behalf and the balance in his hands, and wherein he said: "I shall try to handle the money you left in my care so that I shall win nicely for you. Pray God, in your prayers, that we may do the right always: better for others than we shall ask that they shall do for us. God be with you till we meet again." In January, 1907, he made a further accounting by letter, showing further receipts of money collected on plaintiff's account, which left a total in his hands of $1685.87. In this letter he said: "I am watching for a good investment for you; and I want a *very* good one." In June, 1907, he wrote her, stating: "I have a *dandy* investment for you," in which letter, after describing the lot, magnificent scenery, surrounding improvements, etc., etc., he says: "It will cost you but $1650," and wherein he further stated: "This special venture which I have made for you on Lot E, Sunny Slope Tract, in the sum of $1650, I will back up and stand by for you, so your outlook is sure as to no loss." In his next letter, written June 20, 1907, he says: "As per my account, after you pay for the fine property I have secured for you,—or rather after I have paid it for you,—I shall owe you $35.87. Shall let you know what the taxes are, . . . after I pay the same the coming fall." It was stipulated that at the time of the transaction one Cassee Adkinson had a contract for the purchase of the lot from the owners thereof, and that Palmer for one thousand dollars procured an assignment of this contract and caused a conveyance of the lot to be made by the owners thereof direct to plaintiff, charging her one thousand six hundred and fifty dollars therefor. That Palmer profited by the transaction to the extent of six hundred and fifty dollars clearly appears; and that an agent may not, as such, make a secret profit out of a transaction wherein he represents his principal, is a rule universally recognized and has no exceptions. The question therefore is, does the evidence tend to establish the relation of agent and princi-

pal between plaintiff and Palmer? If it does, the granting of
defendant's motion for a judgment of nonsuit was error. All
inferences fairly deducible from the evidence and tending to es-
tablish the relation, must be considered as facts proved in favor
of the plaintiff. (*Estate of Arnold,* 147 Cal. 586, [82 Pac. 252].)
In our opinion, the evidence clearly tends to show that for
some time prior to the transaction in question Palmer had
been acting as the agent of plaintiff in the purchase and sale
of property for her; that he had made collections on account
of interest and sales so made, paid taxes, interest, commissions,
and with plaintiff's approval retained in his hands for months
the moneys so received, while "waiting for a good invest-
ment" for plaintiff. After holding upwards of one thousand
six hundred dollars in his hands for more than six months, he
wrote her to the effect that he had a *"dandy* investment" for
her, and refers to it as the "special venture which I have made
for you," stating that he will let her know what the taxes are
when he pays the same in the fall. That plaintiff in intrust-
ing her money to Palmer with which, in his discretion, he
should make such purchases, regarded Palmer as a trusted
agent upon whose advice she relied, admits of little doubt;
and that in making the purchase he, without consulting plain-
tiff, assumed to act under the general authority conferred
upon him to buy property for her as her agent, appears from
his letters from which we have quoted. There is nothing in
his communications calculated to acquaint her with the fact, as
claimed by defendant, that she was dealing with him at arm's
length, or that he was selling to her his own property. She
assumed, and had a right to assume, that he was acting for
her in the purchase of property from a third party. The
fact, if it be a fact, that the service was rendered gratuitously
in no wise relieved him from the exercise of good faith to-
ward his principal. (*Kevane* v. *Miller,* 4 Cal. App. 598,
[88 Pac. 643].) His use of plaintiff's money, however, for a
considerable period of time might be deemed ample compensa-
tion for the service rendered.

Section 338 of the Code of Civil Procedure, provides that
an action for relief on the ground of fraud must be brought
within three years, but also provides that such action shall
not be deemed to have accrued until discovery by the ag-
grieved party of the facts constituting the fraud. It appears
that more than three years elapsed between the perpetration

of the alleged fraud and the institution of the action. For the purpose of bringing herself within subdivision 4 of said section, plaintiff alleged: "That Mary E. Teats has but recently, to wit, within the month of July, 1911, discovered that the said representation so made to her by said Palmer was false, fraudulent and untrue, and she had not until within the said time discovered the fraud and deceit practiced upon her as aforesaid." Respondent attacks this allegation as being an insufficient averment of want of discovery of the facts constituting the fraud, and insists that it is tantamount to an admission by implication that the facts out of which it arose were within plaintiff's knowledge prior to July, 1911, but that she had not discovered that such facts constituted fraud. Aside from the fact that no demurrer was interposed to the complaint, we deem the contention without merit. The fraud consisted in the representation made by Palmer that the price of the lot was one thousand six hundred and fifty dollars, whereas in truth it was but one thousand dollars. This false representation was the fact constituting the fraud. Conceding, as claimed by respondent, that plaintiff in order to recover "must show that the acts of fraud were committed under such circumstances that she would not be presumed to have knowledge of them" (*Lady Washington etc. Co.* v. *Wood,* 113 Cal. 482, [45 Pac. 809]), such fact appears from the allegation that plaintiff was at all of said times a nonresident of the state. Moreover, it was stipulated that plaintiff was not in the state of California at the time she received the letters so introduced in evidence and knew nothing of the matter contained in those letters except by such correspondence, "and did not discover the matters which she alleges as facts upon which she bases her allegations of fraud in her complaint in this action until a short time before presentation of her claim," soon after which time the action was commenced.

The judgment and order appealed from are reversed.

Conrey, P. J., and James, J., concurred.