[Civ. No. 6063.  First Appellate District, Division Two.—December 14, 1927.]

AUGUST REUSCHE, Jr., Appellant, v. THEODORE B. BERLING et al., Respondents.

C. H. Patterson for Appellant.

L. R. Weinmann and H. E. Lindersmith for Respondents.

NOURSE, J.—Plaintiff sued for damages for fraud growing out of the purchase of real property from the defendants. The trial court held that the right of action was barred by the statute of limitations and gave judgment to the defendants. The plaintiff has appealed on a typewritten transcript.

The sale was made under a written deed of conveyance executed on June 28, 1919. The deed described the land as containing about 240 acres, which was sold for the lump sum of $10,000, including some personal property situated on the premises. It afterward developed that the tract owned by the defendants and conveyed to the plaintiff contained but 173.42 acres and the claim of fraud is based upon the alleged misrepresentations of the defendants as to the acreage. In an effort to avoid a plea of the statute of limitations the plaintiff alleged that he did not discover these misrepresentations until August 13, 1924, when he had the lands surveyed as a result of a notice which he received from the county tax collector on April 22, 1924, stating the belief of the tax collector that the tract of 66.58 acres belonged to others.

The defendants answered denying the allegations of misrepresentations; alleging that they had no knowledge of the acreage included in the tract and so informed the plaintiff at the time of the sale; that they had purchased the tract from the former owner through a deed purporting to convey 240 acres and had paid taxes on that basis for a number of years; that, at the time of the sale, they showed plaintiff the land which they proposed to convey as included within a fence which was pointed out to plaintiff; and that, at the time of the sale, defendants warned plaintiff that the acreage mentioned in the deed was doubtful, that they were conveying what was included within the fence only, and that plaintiff should have the land surveyed to determine the matter of the acreage. It was then alleged that, before the sale was completed, defendants caused an abstract of title to the premises to be delivered to plaintiff and warned him that he should make his own examination

of title; that this abstract disclosed the true acreage of the tract conveyed; and that from this and other information plaintiff had knowledge, or the means of knowledge, of the true acreage more than three years prior to the commencement of this action on September 3, 1924. On these facts the defendants then set up the special pleas of the statute of limitations as found in sections 337 and 338 of the Code of Civil Procedure.

The trial court found that the tract was short in acreage as alleged in the complaint; that there was no actual misrepresentation or fraud committed by the defendants; and that plaintiff knew more than three years prior to the commencement of the action that the 66.58 acres referred to were not owned by defendants, and had the means of knowledge sufficient to put him on inquiry as to the ownership of and title to the land involved. The conclusion of law followed that the cause of action was barred by both sections of the code pleaded.

█ The appellant states the issue involved in this appeal to be the question whether the evidence sustains the finding that he knew or should have known more than three years prior to the commencement of the action that the land outside the fence line was not included in the sale. The evidence is that the appellant was informed prior to the sale that the respondents had purchased the land from one Wood who had deeded it to them with the same description used in the deed to appellant; that respondents did not know the true acreage but had paid taxes on 250; that they had never had the land surveyed and would not sell on an acreage basis but would sell the land inclosed by the fence; and that the title could be found in the abstract which was delivered to appellant. The appellant went on the land and satisfied himself without a survey, and continued to live upon the premises for a period of over five years before his action was commenced. About one year after the sale plaintiff was informed by the former owner (respondents' grantor) that the tract did not contain 240 acres. This information he conveyed to the respondents, who again suggested that he have the land surveyed for this purpose. They did nothing until the summer of 1924, when suit had been instituted against them by the adjoining property owners. The appellant was an

experienced farmer and a dealer in farm lands, while the respondents had no experience of this kind but were engaged in the operation of a moving picture theater.

If the repeated warnings of the respondents, the warning of the former owner, the possession of the abstract and the personal inspection of the land were not sufficient to put appellant on his inquiry and to satisfy him that the tract did not contain the acreage mentioned in the deed, it is difficult to conceive what means of knowledge should be necessary in a case of this kind. If the difference in acreage were slight it might have escaped notice, but where, as here, the difference is more than one-quarter of the acreage mentioned in the deed it must have been apparent to an experienced dealer in farm lands, like the appellant, from a mere inspection of the premises.

The trial court merely followed the general rule stated in *Lady Washington Cons. Co.* v. *Wood*, 113 Cal. 482, 487 [45 Pac. 809], that "as the means of knowledge are equivalent to knowledge, if it appears that the plaintiff had notice or information of circumstances which would put him on an inquiry which, if followed, would lead to knowledge, or that the facts were presumptively within his knowledge, he will be deemed to have had actual knowledge of these facts."

Another rule, equally applicable to a case of this kind, is that "where a party has knowledge of facts of a character which would reasonably put him upon inquiry, and such inquiry, if pursued, would have led to a discovery of the fraud or other ground for rescission, he will be charged with having discovered the fraud or other ground as of the time he should have discovered it, that is, as of the time when he would have discovered it if he had with reasonable diligence pursued the inquiry when he should have done so." (*Bancroft* v. *Woodward*, 183 Cal. 99, 108 [190 Pac. 445].)

The appellant does not question the application of these rules of law, but argues that the only facts developed here tending to put him on notice are the delivery of the abstract and the statement of the former owner of the property. These, he argues, were insufficient for that purpose because he did not personally examine the abstract and because the statement of Wood was indefinite. But the

appellant engaged another to act as his agent in the examination of the abstract and relied upon the information obtained from him. The respondents are not to be charged with the negligence of this agent. As to Wood's statement, it was sufficient, when taken with the frequent warnings of the respondents, to cause appellant to use reasonable diligence to discover the true facts. The trial court was not, however, limited to a consideration of these facts in making its finding, but it could consider all the facts and circumstances which surround the transaction. One circumstance of particular importance was the understanding of the parties at the time of the sale that the property was not being sold according to any specified acreage, but as a whole tract included within a designated fence. It was pointed out to the plaintiff at the time with the express warning by the respondents that they were selling what was bounded by the fence only and that the true acreage was unknown to them. We are satisfied that all the evidence supports the finding that the means of knowledge were present, and this is sufficient to support the judgment.

Judgment affirmed.

Sturtevant, J., and Koford, P. J., concurred.