## SACRAMENTO SUBURBAN FRUIT LANDS CO v. JEPPSON et al. *

Circuit Court of Appeals, Ninth Circuit. December 17, 1929.

No. 5681.

Butler, Van Dyke & Desmond, of Sacramento, Cal., and Arthur C. Huston, of Woodland, Cal., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. This is one of the Rio Linda group of cases, and in its

*Rehearing denied February 10, 1930.

928

general aspect is like the Melin Case (No. 5671) 36 F.(2d) 907.

The assignment touching the disposition of the demurrer is ruled adversely to appellant by our decision in that case.

There are no assignments predicated on the reception or rejection of evidence, and the record exhibits no exceptions of any character to the court's refusal or failure to give requested instructions.

As to the instructions given, the exceptions were very general, and in the main failed to direct attention to any objectionable feature. The main contention now made is that in some respects the court's comment upon the evidence was argumentative and unfair. But, upon an examination of the instructions as a whole, and considering them in the light of the evidence adduced, we are not convinced that they were so unfair that they are brought within the principle under which appellate courts sometimes grant relief where appellant has failed to take appropriate exceptions in the court below. To illustrate, one of the more specific exceptions was that, "The defendant excepts to the charge * * * with reference to the testimony of the witness Sligar." Sligar testified touching his experience in raising certain kinds of fruit on so-called "hard-pan lands" measurably similar to the Rio Linda tract. The comment of the court, which, under this exception, appellant now contends is objectionable, was as follows:

"Various of the witnesses for the defendant testified they know of other commercial orchards on these shallow lands. One was produced from up near Oroville who says he had three acres of figs on soil twelve inches to four feet deep five years old, and so far they are doing very well. He said he had six or seven tons last year. That was Mr. Sligar. The average given in the book as to deciduous fruits is given as five to seven years. The question is whether Mr. Sligar's experience in respect to his own land is of sufficient length of time to justify saying that it will be and is a commercial orchard; whether it will live long enough, or whether the soil is too shallow. He says it is about the same as Rio Linda, about the same hardpan; that he blasted and he got good drainage, and in his judgment that it was adapted to raising fruit commercially. He says he knows of hundreds of acres around Oroville, of orchard on like hardpan, peaches, etc., and, in his opinion, as far as he knows, they are successful as commercial orchards."

It may be that the sentence, "The ques-

tion is whether Mr. Sligar's experience in respect to his own land is of sufficient length of time to justify saying that it will be and is a commercial orchard," tends argumentatively to discredit the witness or to undervalue his testimony. But, if that be conceded, we cannot say that it is so manifestly unfair or prejudicial as to warrant a reversal, in the absence of a more specific exception. Other features of the charge of like character are no stronger.

The exceptions to the charge touching the statute of limitations are somewhat more specific, but, when the evidence is considered, we do not think the instruction upon that subject was substantially erroneous. While the issue was for the jury, the evidence was by strong preponderance in plaintiff's favor. In the exercise of his prerogative the judge indicated his belief that the action was not barred, but at the same time expressly left the question open for the jury to determine.

No prejudicial error appearing, the judgment will be affirmed.