## SACRAMENTO SUBURBAN FRUIT LANDS CO. v. LINDQUIST et ux.

Circuit Court of Appeals, Ninth Circuit. December 17, 1929.

Rehearing Denied May 26, 1930.

No. 5703.

Butler, Van Dyke & Desmond, of Sacramento, Cal., and Edward P. Kelly, of Minneapolis, Minn., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. This is another of the Sacramento Suburban Fruit Lands Cases [see Melin Case (C. C. A., No. 5671) 36 F.(2d) 907].

The contract of purchase, alleged to have been procured through fraudulent representations, was executed September 29, 1921, and the complaint herein was filed April 24, 1928. The only averment in the complaint to account for the delay is that "plaintiffs did not discover the falsity of said representations or any of them until January 1928." Defendant demurred upon the ground that the complaint did not state facts sufficient, and particularly because the cause of action was barred by subdivision 4 of section 338 of the California Code of Civil Procedure, which provides that an action of this character must be commenced within three years from the time the aggrieved party discovers the facts constituting the alleged fraud. The demurrer should have been sustained. Lady Washington Cons. Co. v. Wood, 113 Cal. 482, 45 P. 809, and see the Melin Case, supra. But in its answer defendant pleaded the same defense, and upon the trial, without objection on its part, plaintiffs introduced evidence of particular circumstances and conditions tending to show why they had not sooner discovered the alleged falsity and to excuse them from taking earlier action. And at the close of the evidence defendant moved for a directed verdict, assigning as one of the grounds for the motion the bar of the statute. It is therefore not thought that in its ultimate result the error in overruling the demurrer was prejudicial. Manifestly both parties tried the cause upon the assumption that the burden was upon the plaintiffs by proof of excusatory facts to relieve themselves from the apparent bar. It was within the power of the court to permit amendment of the complaint to make it conform to the proofs; but such an amendment would have been a matter of form rather than of substance.

Hence, without prejudice to appellant, we may deem such amendment to have been made. Of the two assignments, therefore, the only one now of substance is that which rests upon the denial of the motion for a directed verdict. In considering it we find that there was testimony tending to show that the plaintiff H. A. Lindquist (the other plaintiff being his wife) was in 1921 living in St. Paul, Minn.; his occupation was that of a cabinet maker; he had never been in California, and knew nothing about California fruit lands or the value thereof. After learning, in a general way, of the Rio Linda property he came into contact with one of the appellant's representatives and read the printed literature put out by appellant. It was represented to him that the land was suitable for the raising of all kinds of fruit in commercial quantities. He was advised that poultry raising should be resorted to as a temporary means of making a living until fruit trees could be set out and brought to maturity. He came to California in February, 1922, and built a house upon the land. From the literature he knew that there was some hardpan, and in building his house he found hardpan; in some places it was deeper than at others. When he found this hardpan he did not at first go to the company to make inquiry, but when the horticultural agent for the company came to his place he asked him about it and was advised that it was very good for the fruit trees when it was blasted. The agent stated to him that blasting should be done at the time trees were set out, and, if he found the trees were not doing well, he should blast at one side, and he was given to understand that the so-called hardpan contained a lot of lime and potash which were of value as plant foods. These statements he so fully believed that later on when he dug a pit he spread some of the hardpan taken therefrom upon his lawn for fertilizing purposes. He did not do much work personally upon the property, for soon after he came to California he took employment with the Southern Pacific Railroad Company in a nearby city, as a cabinet maker. In 1924 he caused to be set out 8 fruit trees and in 1924, 70, and in 1926 he set new trees in the place of a few that had died. With his wife he at all times lived on the property and they raised some poultry.

There are other circumstances shown, but on the whole we do not think the record was such that the court could as a matter of law with propriety say that the plaintiffs were derelict or negligent in not sooner discovering that the land was inherently unsuited for fruit raising. Whether or not, under the circumstances, they were justified in continuing to rely upon the assurances given them by representatives of the company that the hardpan was not detrimental, and that upon being blasted it would furnish plant food, was a question for the jury. Hence it was not error to decline to give the requested instruction for a directed verdict.

In some of its features the record is not unlike the records in other cases in the group where we have found error, but touching some of them there was here neither objection nor exception by appellant. No assignment is based upon the admission or exclusion of evidence. Three of the specifications not already considered involve refused requests for instructions; and three, instructions given. Of the former class the first request was as follows: "You are instructed that a representation which merely amounts to a statement of opinion, judgment, probability or expectation, or is vague and indefinite in its terms, or is merely a loose, conjectural or exaggerated statement, cannot be made the basis of an action for deceit." The assignment is ruled adversely to appellant by our decision in the Zdarsky Case (No. 5698) 36 F.(2d) 939.

The second request was as follows: "You are instructed that if the plaintiffs discovered, or by the exercise of reasonable diligence could have discovered the falsity of the alleged representations as to the value of the land they bought more than three years before they commenced their action, then your verdict must be for the defendant." In the first place this request was erroneous in assuming the rule to be that a defrauded party is bound at once to suspect he has been defrauded and forthwith diligently investigate for the purpose of determining whether his constructive suspicion is well founded. And in the second place it wholly ignores the fact that the fundamental charge of fraud relates to the character of the land rather than its market value. These questions are discussed by us in opinions filed in other cases of the group, and repetition is unnecessary. The request involved in the other of the three specifications was objectionable for the first of the two reasons. The gist thereof is to be found in the last sentence, which is as follows: "If you believe from a preponderance of the evidence that plaintiffs either knew of the facts constituting the alleged fraud before February 28th, 1925, or by reasonable diligence and inquiry could have learned these facts before that date, your verdict must be for the defendant."

See our decisions in the Zdarsky Case (No. 5698), the Alex Johnson Case (No. 5721) 36 F.(2d) 948, and the Tipper Case (No. 5701) 36 F.(2d) 941.

Complaint is made of one of the instructions given upon the ground that in effect the jurors were advised they could consider some of the representations made generally touching the project as applicable to the particular tract which plaintiffs purchased. The assignment is ruled adversely to appellant by our decision in the Zdarsky Case, supra.

The gist of appellant's position under each of the two remaining assignments is that portions of the instructions given and now criticized were argumentative and exceeded the limits of fair comment. No such objection was hinted in the exceptions taken at the time, and, while in some respects the comment was, to say the least, of doubtful propriety, we do not consider that they were so manifestly prejudicial that without appropriate exceptions we would be warranted in a reversal on that ground. See our decision in the Martin Jeppson Case (No. 5681) 36 F.(2d) 927.

Affirmed.

WILBUR, Circuit Judge. I concur. While the authorities are not uniform upon the subject, I am of opinion that, where the facts are undisputed, the question as to whether or not a man exercising ordinary care about his own affairs would have discovered that he had been defrauded, when he ascertained the facts that were brought to the attention of the defrauded party, is a question, or inference, of law to be determined by the court, and not an inference of fact to be determined by the jury. I am persuaded to that conclusion by the uniform conclusion of all the courts to which my attention has been directed, except Washington (Noyes v. Parsons, 104 Wash. 594, 177 P. 651), that it is incumbent upon a plaintiff, whose complaint reveals that the fraud practiced upon him occurred beyond the period of limitations, to show in his pleading that he did not actually discover the fraud until within the statutory period, and the facts and reasons why he did not actually discover the fraud earlier, in order that the court may determine upon the facts pleaded whether or not he should in fact be charged with notice of the fraud, although he might have been actually ignorant thereof. Lady Washington v. Wood, 113 Cal. 482, 45 P. 809; Galusha v. Fraser, 178 Cal. 653, 174 P. 311; Newport v. Hatton, 195 Cal. 132, 231 P. 987; Hardt v. Heidweyer, 152 U. S. 547, 558, 14 S. Ct. 671, 38 L. Ed. 548; Wood v. Carpenter, 101 U. S. 135, 140, 25 L. Ed. 807. This rule is enforced in actions at law as well as in equity from which the rule was borrowed. It follows, I think, that the court, having determined on demurrer that the facts pleaded are sufficient to toll the statute, should instruct the jury that upon proof of the facts thus pleaded to excuse nondiscovery that there was no discovery before the statutory period, or, if the facts proved fall too far short of those pleaded, the court should so inform the jury. If the evidence is contradictory as to some of the facts so that on one state of facts the plaintiff is charged with notice of the fraud and on the other it is not, the court should so inform the jury and leave to them the determination of the truth as to the disputed facts. My idea of the law is well illustrated by the situation disclosed in the two opinions in the case of Carver v. Moore (Tex. Civ. App.) 275 S. W. 90; Id. (Com. App.) 288 S. W. 156. The facts brought home to the defrauded party were uncontroverted. The Texas Court of Civil Appeals held that the jury were to draw therefrom the inference as to whether the plaintiff as a reasonable man was thus charged with notice or knowledge of the fraud (Carver v. Moore, supra), and affirmed the judgment. The Supreme Court on appeal, speaking through Commissioner Powell, held that the inference was one of law, and that the jury should have been directed to return a verdict for the defendant. Carver v. Moore, supra. On this general subject that the question of discovery, as distinguished from knowledge, is a question of law, see Lady Washington v. Wood, supra; 2 Wood on Limitations, 1405, §§ 276-b(5), 276-b(11, 12); contra, perhaps, Rosenthal v. Walker, 111 U. S. 185, 4 S. Ct. 382, 28 L. Ed. 395.

I am of the opinion that the undisputed facts show nondiscovery before February 28, 1925, and the jury should have been so instructed.