[Civ. No. 1608.   Fourth Appellate District.—March 17, 1936.]

GEORGE C. PERKINS, Respondent, v. THE FARMERS AND MERCHANTS SAVINGS BANK OF SANTA ANA, CALIFORNIA (a Corporation), Appellant.

496

Rutan & Mize and R. Y. Williams for Appellant.

L. W. Blodget for Respondent.

BARNARD, P. J.—On March 23, 1929, the defendant loaned $15,000 to one S. W. Miller, taking a note secured by a mortgage on certain real property near Santa Ana, which was then under lease to the Orange County Fair Association. On April 23, 1929, the defendant sold this note and mortgage to the plaintiff, who resided in the state of New York but occasionally visited in Santa Ana. In making this sale one of the defendant's officers represented to the plaintiff that the land covered by this mortgage contained 18 acres. In April, 1933, the plaintiff discovered for the first time that the tract contained but 15.344 acres, or 14.771 acres exclusive of streets. In this action for rescission, which was brought on June 26, 1933, the court found in all respects in favor of the plaintiff and entered a judgment from which this appeal is taken.

It is first contended that this action is barred by the statute of limitations. It is argued that the complaint failed to set forth the times and circumstances under which the facts constituting a fraud came to the knowledge of the respondent so that the court might determine from the allegations of the complaint whether the discovery was made within the statutory period. The complaint alleges that knowledge of the true facts first came to the respondent on April 9, 1933, and the circumstances under which he acquired such knowledge are particularly set forth.

It is also urged that the respondent could have ascertained the true acreage of this land on June 17, 1929, because the county surveyor then made a survey of the same, at the request of the owner and lessee, and reported the correct acreage to them, and that the statute runs from that date. It is not claimed that this information was given to the respondent then or at any other time, but it is argued that it must be presumed that the county surveyor complied with sections 4218 to 4220 of the Political Code and that his records were available to the respondent. Assuming that the county surveyor complied with these sections we know of no law making these records a sufficient constructive notice to the respondent, and it seems to be admitted that he had no actual notice thereof. The respondent lived in another state, the

interest on the mortgage was paid up to March 22, 1932, and there is an entire absence of evidence of any facts which would reasonably have put the respondent on inquiry. In *Victor Oil Co.* v. *Drum,* 184 Cal. 226 [193 Pac. 243], the court said:

"Taking up the first point, the evidence amply sustains the finding that the plaintiff did not have actual knowledge of the fraud until December, 1913. The defendants claim, however, that it should have had such knowledge prior to that time and more than three years prior to the commencement of the action, and rely upon the well-established rule laid down in *Lady Washington etc. Co.* v. *Wood,* 113 Cal. 482 [45 Pac. 809], that discovery is different from knowledge, that where a party defrauded has received information of facts which should put him upon inquiry, and the inquiry if made would disclose the fraud, he will be charged with a discovery as of the time the inquiry would have given him knowledge. (See, also, *Bancroft* v. *Woodward,* 183 Cal. 99 [190 Pac. 445].) . . . The courts will not lightly seize upon some small circumstance to deny relief to a party plainly shown to have been actually defrauded against those who defrauded him on the ground, forsooth, that he did not discover the fact that he had been cheated as soon as he might have done. It is only where the party defrauded should plainly have discovered the fraud except for his own inexcusable inattention that he will be charged with a discovery in advance of actual knowledge on his part."

The second point urged is that the appellant cannot be restored to substantially the same position as if the contract had not been made. This argument is based upon evidence to the effect that the owner of the land tore down certain buildings on said property after the lessee abandoned its lease. It fully appears that the respondent had no knowledge that the buildings were being torn down until this had been completed. The appellant relies upon section 3407 of the Civil Code providing that a rescission cannot be adjudged for a mere mistake unless the party can be restored to substantially his former position. This is not a case of a mere mistake. The evidence shows that the officials of the bank were told prior to the making of the loan by the lessee that the tract contained 18 acres, that thereafter they secured an application for a loan from the owner but asked him nothing about the acreage and he gave them no information on that point. He had already told the lessee that he did not believe

the tract contained 18 acres. Without making any inquiries of the owner or taking steps to verify the statement made by the lessee, the appellant made the loan and thereafter definitely represented to the respondent, in selling him the mortgage, that the tract contained 18 acres. The respondent had no part in removing any buildings from the premises and knew nothing thereof until after it had been done. His obligation under section 1691 of the Civil Code was merely to restore everything of value which he himself received. In *Spreckels* v. *Gorrill,* 152 Cal. 383 [92 Pac. 1011], it is said:

"It is claimed that by reason of these transactions the conditions had so materially changed that it was impossible for Spreckels to restore to Gorrill everything of value which he has received under the contract, in other words, that the delivery to Gorrill of the stock he sold to Spreckels would not have restored Gorrill to the position he was in immediately before the sale, which is the form in which defendant's counsel prefers to state the proposition. This latter, however, is not an accurate statement of the rule. Under the Code it is only necessary that the rescinding party shall 'restore to the other party everything of value which he has received from him under the contract'. (Civ. Code, sec. 1691.) If such restoration is possible, rescission can be accomplished and will be enforced even if the party is not placed in precisely the position which he previously occupied. . . .

"If the defrauding party can be placed substantially in the same position at the time of the attempted rescission, which he, at that time would have occupied if the sale had not taken place and he had retained the stock himself, the demands of equity are fully satisfied and the defrauded party is entitled to be relieved."

It is next urged that the respondent had no right to bring this action for the reason that he had theretofore transferred the equitable title to the note and mortgage to his daughter, through the creation of a trust for her benefit. The respondent testified that he had set up a trust for the benefit of his daughter with himself as the trustee, that by the terms of the trust the interest on this mortgage was to be paid to his daughter, that he had set aside the interest on this and two other mortgages for her but that he had the power of substitution of other securities, and that the title to the

note and mortgage always remained in him. The court found that he was the owner of the note and mortgage and was able to tender back to the appellant everything of value which he had received. The judgment entered in favor of the respondent was conditioned upon his returning the note and mortgage with a proper assignment thereof to the appellant.

Some contention is made that the appellant, as a savings bank, could not become liable in such an action as this for the reason that it is without authority to guarantee the obligation of another under certain sections of the Civil Code and of the Bank Act. These limitations upon the contractual powers of a savings bank have no application here and we are cited to no authority, and know of none, which relieves such an institution from the liability to return what it may have received through a fraudulent representation.

The appellant next contends that the court erred in including in the judgment the amount of interest which was accrued on the note and mortgage but which had not been paid to the respondent. It is contended that such interest could only be allowed from the time notice of rescission was given. Two cases are cited where interest was allowed from the time of giving notice of rescission upon the theory that the money did not become due to the other party until that time. These cases have no application here and we see no reason why the respondent, upon establishing that he was entitled to a rescission, was not entitled to receive back the face value of the note and the accrued interest thereon.

Finally, the appellant contends that certain findings are not supported by the evidence, which it states is more or less conflicting. Several of these findings are on immaterial matters but all are supported by the evidence. One finding is to the effect that the respondent had no intimation of the falsity of this representation and no means of discovering the truth. The argument on this is the same as that made under the head of the statute of limitations. It is also urged that there is no evidence to support a finding that the plaintiff had been materially damaged by reason of the misrepresentation as to the amount of land in the tract. The appellant admitted on the stand that its appraisal of the property would have been different had it known there was not 18 acres therein, and that any shortage in the acreage would lessen the value thereof. This evidence alone was sufficient to sustain the

finding. (*Munson* v. *Fishburn*, 183 Cal. 206 [190 Pac. 808] ; *Spreckels* v. *Gorrill, supra.*)

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.