42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
V. Robert COLTON, and Lottie S. Colton Plaintiffs-Appellants
v.
Bruce W. HALSTEAD, Defendant-Appellee.
V. Robert COLTON, and Lottie S. Colton, Plaintiffs-Appellees
v.
STRONG POINT, INC., Defendant,
and
Rodger Garrity, Defendant-Appellant.
 Nos. 93-55284, 93-55718.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1994.*
Decided Nov. 15, 1994.
 
 Before: FEINBERG,** SCHROEDER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 1. In number 93-55284, V. Robert Colton and his mother, Lottie S. Colton, appeal from the district court's judgment, after a bench trial, for defendant Bruce W. Halstead. The Coltons brought this diversity action, claiming fraud and negligent misrepresentation under California law. They argue that false statements made by Halstead about a product he had invented (BioTune), which came to be owned by Strong Point, Inc., caused them to invest to their detriment in Strong Point, which entered bankruptcy proceedings in 1991.
 
 
 3
 2. The court concluded that the Coltons had not proved that Halstead had made intentional or negligent misrepresentations about BioTune. Slip op. at 5. To challenge that conclusion, the Coltons rely primarily on four pages of the trial transcript in which the Coltons question Halstead. Halstead ER at 43-46.[1] Those pages do not indicate that Halstead misrepresented facts about BioTune. Halstead expressed opinions about the state of medical science and said that he had revealed to Robert Colton the limited extent of testing that had been done on his products. Further, some of Halstead's statements alluded to products he had developed generally, as opposed to "the product" in particular (presumably, BioTune). E.g., ER at 45. The Coltons' challenge to the court's conclusion that they "did not establish that Dr. Halstead made representations of past or existing material facts about BioTune which were false," slip op. at 5, is not borne out by the record.
 
 
 4
 3. The court also concluded that the Coltons failed to establish Halstead's intent to defraud. The alleged basis for inferring such intent is that Strong Point owed Halstead money, and if the Coltons, already stockholders, increased their investment in Strong Point, Halstead's prospects for repayment and for receipt of royalties would improve. The district court considered this, slip op. at 3, and found, nevertheless, that the Coltons had not proven Halstead's fraudulent intent. Id. at 5-6. We cannot say that the court erred in this respect. Further, while the Coltons argue that in this bench trial it was error for the court to find Halstead's 1985 conviction irrelevant, the cases from which they draw support are distinguishable. In both Evans v. Gibson, 220 Cal. 476 (1934) and Thompson v. Modern School of Business and Correspondence, 183 Cal. 112 (1920), evidence of similar transactions with others was admissible to show a single scheme to defraud. Here, the Coltons do not claim that the actions underlying Halstead's 1985 conviction and his present alleged fraud were part of a single scheme. The district court did not err in finding Halstead's conviction irrelevant to his intent in the transaction under scrutiny here.
 
 
 5
 4. In addition to its disposition on the merits, the district court also found that the Coltons are barred by the 3-year statute of limitations, which runs from the date of discovery of fraud or misrepresentation. Colton v. Halstead, No. CV-91-5700-LHM, slip op. at 5 (C.D.Cal. Jan. 11, 1993). The court held that, as a director of Strong Point starting in April 1987, Robert Colton had at least constructive knowledge of information in Strong Point's records regarding Strong Point's financial condition that would have led to discovery of the alleged fraud or misrepresentation. The well-established rule in California is that "[if] the facts [are] presumptively within [a plaintiff's] knowledge, he will be deemed to have had actual knowledge of these facts." Lady Washington Consolidated Co. v. Wood, 113 Cal. 482, 487 (1896). Under the circumstances, we cannot say that it was reversible error to conclude that the fraud or misrepresentation, if any, could have been discovered in or around April 1987 so that this suit brought in October 1991 was time-barred.
 
 
 6
 5. In number 93-55718, Rodger Garrity appeals from the district court's entry of judgment for $50,000 against him in favor of the Coltons. On December 1, 1992, the Coltons entered into a stipulated agreement of settlement with Strong Point. On December 21, 1992, they entered into a stipulated settlement agreement with Garrity, one of Strong Point's principals. Under the latter, should Strong Point default under the December 1, 1992 agreement, Garrity would have "the right to 'step in the shoes' of Strong Point, Inc. and fully perform under the stipulation re settlement." Garrity ER at 3. Garrity's failure to exercise this "right" would allow the Coltons to have a judgment of $50,000 entered against Garrity. Id. at 4.
 
 
 7
 6. Garrity argues that the agreement was not valid because it was not approved by the court, as required by Local Rule 3.11. The argument is without merit. In proceedings on December 21, 1992, the district judge received the agreement. Reporter's Transcript of Proceedings, Dec. 21, 1992, at 5, in Garrity ER. Entry of the settlement agreement is also reflected in the district court's docket sheet. Garrity ER at 109. This case is distinguishable from Biby v. Kansas City Life Ins. Co., 629 F.2d 1289 (8th Cir.1980), in which the parties had agreed to extend the time for refiling a complaint without notifying the court at all. The parties' failure to comply with a local rule in Biby was not merely a technical error; it affected the court's ability to control its own docket. Id. at 1293. In the present case, the alleged failure of the court to sign the stipulation agreement was simply a technical error in light of the judge's statement in open court that the agreement would be received.
 
 
 8
 7. The district court obviously found that the stipulation agreement required that, upon Strong Point's default, if Garrity did not perform in Strong Point's place he had to pay the Coltons $50,000. Garrity interprets the words "Garrity has the right to 'step in the shoes' of Strong Point, Inc. and fully perform under the stipulation re settlement" to mean that he could fulfill his obligation by declining this "right." This reading would render paragraph 5 of the stipulation agreement meaningless. The only reasonable meaning of the agreement is that, as the district court held, Garrity either had to perform in place of Strong Point or pay $50,000.
 
 
 9
 JUDGMENTS AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As the Coltons have submitted a different set of excerpts of record for each appeal, they will be referred to as Halstead ER and Garrity ER respectively