## SACRAMENTO SUBURBAN FRUIT LANDS CO. v. ANDERSON.*

Circuit Court of Appeals, Ninth Circuit, December 17, 1929.

No. 5694.

J. W. S. Butler and Butler, Van Dyke & Desmond, all of Sacramento, Cal., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

*Rehearing denied February 10, 1930.

938

RUDKIN, Circuit Judge. This is another of the Sacramento Suburban Fruit Lands cases.

█ The first specification of error is based on an order overruling a demurrer to the complaint. The demurrer was a general one for want of sufficient facts, and we have already held that such a demurrer does not raise the defense of the statute of limitations (Code Civ. Proc. § 338, subd. 4) under the California practice. Sacramento Suburban Fruit Lands Co. v. Tipper (C. C. A., No. 5701) 36 F.(2d) 941, just decided.

The remaining specifications of error are based on instructions given by the court, or on the refusal of the court to instruct as requested. As is true in most of these cases, the exceptions to the instructions given are too general to present any question for review.

█ The court denied a request to direct a verdict in favor of the appellant, and this ruling is assigned as error. In support of the request it is contended that the appellee made no inquiry to discover the facts constituting the fraud. But this argument proceeds upon the erroneous theory that it was the duty of the appellee to immediately make inquiry as soon as the contract was entered into in order to ascertain whether or not she had been defrauded, whereas, as has been repeatedly pointed out, no such duty devolved upon her until she had notice of facts sufficient to put a person of ordinary prudence upon inquiry. Under the testimony, the question whether the action was barred by the statute of limitations was clearly for the jury, and not for the court.

It appeared from the testimony that the appellee entered into a contract for the purchase of a tract of land in 1922, while she was in the state of Minnesota; that she came to California in June, 1924, and that in October, 1924, she exchanged the tract first purchased for another tract. Upon these facts the appellant requested the court to instruct the jury as follows: "If you believe from the evidence that in selecting the land purchased under the second contract plaintiff relied upon her inspection and investigations made here in California, and not upon representations made by the defendant concerning that land, then your verdict must be for the defendant, regardless of whether or not you believe that defendant misrepresented the land purchased in 1922."

█ The court gave this instruction in the language requested. True, the court may have entirely destroyed its effect by other instructions, but the exception should have been taken to the qualification, or modification made by the court, and not to the refusal to give an instruction which was in fact given.

The second and third requests were considered in the Tipper Case, supra; the fourth, in the Jensen Case (C. C. A., No. 5693) 36 F.(2d) 936; the fifth, in the Zdarsky Case (C. C. A., No. 5698) 36 F.(2d) 939; and the sixth in the Alex Johnson Case (C. C. A., No. 5721) 36 F.(2d) 948, all decided this day.

The judgment of the court below is affirmed.