## SACRAMENTO SUBURBAN FRUIT LANDS CO. v. ZDARSKY. *

Circuit Court of Appeals, Ninth Circuit.
December 17, 1929.

No. 5698.

*Rehearing denied February 10, 1930.

Butler, Van Dyke & Desmond, of Sacramento, Cal., and Edward P. Kelly, of Minneapolis, Minn., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. ■ In this case, as in many others of like character, the appellant is attempting to predicate error on a consent order overruling a demurrer to the complaint. This, of course, is not permissible.

■ A witness for the appellee testified that he was a former owner of the tract later sold to the appellee, and that the property was sold at foreclosure sale for about $2,600. On cross-examination he further testified that the sale was made subject to a prior mortgage in the sum of $3,500. This testimony was apparently offered for the purpose of showing, or tending to show, the value of the property. Some of the testimony went in over objection and exception, and the rulings of the court are assigned as error. In admitting the testimony in the first instance the court ruled that the questions were preliminary only, but, when it became apparent that the purpose of the offer was to show the value of the property, the objections were sustained, the court stating that a forced sale was no evidence of value. No request to strike the testimony was made, nor was there any request for an instruction to disregard it. Under such circumstances, the ruling of the court in admitting the testimony was error without prejudice, if error at all.

■ The next specification of error is based on the following exception to the instructions of the court: "We except to the instructions as a whole, and particularly to the instruction in regard to the present adaptability of the soil for the raising of fruit." The first part of this exception is of no avail, and it does not appear that the latter part was at all applicable to any instruction given by the court.

■ The refusal of the court to give three instructions requested by the appellant is assigned as error. All three instructions were of similar import. The court was asked to instruct the jury in most general terms that a representation which merely amounts to a statement of opinion, judgment, probability or expectancy, or is vague and indefinite in its terms, or is merely a loose conjectural or exaggerated statement, cannot be made the basis of an action for deceit, though false; that an expression of opinion is not a representation and does not amount to a fraud, even if false; that, if the purchaser had an opportunity to examine the property and ascertain its value, a representation as to such value, if made, was but an expression of opinion, and not actionable, even if false and fraudulent; and that general expressions or assertions by a seller in commendation of his property cannot be made the basis of an action for deceit or fraud, such statements being generally regarded in law as mere expressions of opinion upon which a purchaser cannot safely rely. The representations involved in this case related principally to the adaptability of the land for fruit raising and to its value. The truth or falsity of the latter depended largely, if not entirely, upon the truth or falsity of the former. If the land was in fact adapted to fruit raising as represented, representation as to value would scarcely be actionable, and, if the land was not in fact adapted to fruit raising, there is no claim that it was of the value represented. It thus appears that the adaptability of the land for fruit raising was the principal issue in the case, and, inasmuch as the representations on that subject were positive and unqualified in terms, the instructions requested had little, if any, bearing on the real issue in the case, and the refusal to give them was not prejudicial error.

The last specification is that the court erred in instructing the jury that statements found in literature put out by the appellant applied to the lands purchased by the appellee. We see no error in this part of the charge. While the representations contained in the literature refer generally to a large body of land owned by the appellant, the course of dealings between the parties shows conclusively, we think, that the appellant represented that the land in controversy was of the general character described in the literature.

We find no error in the record, and the judgment is affirmed.