## SACRAMENTO SUBURBAN FRUIT LANDS CO. v. TIPPER. *

Circuit Court of Appeals, Ninth Circuit.
December 17, 1929.

· No. 5701.

Butler, Van Dyke & Desmond, of Sacramento, Cal., and Edward P. Kelly, of Minneapolis, Minn., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

*Rehearing denied February 10, 1930.

RUDKIN, Circuit Judge. ■ This is another of the Sacramento Suburban Fruit Lands cases. The first assignment of error is based on an order overruling a demurrer to the complaint. The demurrer was general for want of sufficient facts, and under the California practice such a demurrer does not raise the defense of the statute of limitations (Code Civ. Proc. § 338, subd. 4). California Safe, etc., Co. v. Sierra, etc., Co., 158 Cal. 690, 112 P. 274, Ann. Cas. 1912A, 729; Sacramento Suburban Fruit Lands Co. v. Melin (C. C. A.) 36 F.(2d) 907, just decided.

■ The next error assigned is the denial of a motion for a directed verdict at the close of all the testimony. No exception was taken to the ruling of the court in that regard until after the verdict was returned, and for that reason the assignment cannot be considered.

The remaining assignments are based on instructions given by the court, or on the refusal of the court to give instructions requested by the appellant. The exceptions to the instructions given by the court are entirely too vague and indefinite to present any question for review, so we will pass at once to a consideration of the instructions requested and refused.

■ The first request related to the statute of limitations. In a measure, the requested instruction on that subject stated the rule correctly, but it imposed too high a duty upon the appellee. The court was asked to instruct the jury that, if fraud occurred in the case, it was complete as soon as the plaintiff contracted with the defendant to buy the land; that, if the jurors believed from a preponderance of the evidence that the defendant committed a fraud on the plaintiff in procuring the contract, before they could find a verdict in his favor, they must believe from a preponderance of the evidence that the plaintiff had no knowledge of the fraud and could not with reasonable diligence have discovered it three years prior to the commencement of the action; that if they believed from a preponderance of the evidence that the plaintiff either knew of the facts constituting the alleged fraud more than three years prior to the commencement of the action, or by reasonable diligence and inquiry could have ascertained such facts, their verdict must be for the defendant. This instruction imposed on the defrauded party the duty of making immediate inquiry as soon as the contract was consummated in order that he might ascertain whether or not he had been defrauded, whereas no such duty

arose until the appellee had knowledge of facts sufficient to arouse the suspicions of, or to put a reasonably prudent man upon inquiry.

By the second request the court was asked to instruct the jury that, if the plaintiff discovered that a material representation concerning the land was false, then he was at once by that discovery presumed to have knowledge of the truth or falsity of the remaining representations and must bring his action within three years of the discovery of the falsity of such material representation concerning the land. The fifth request was of similar import, but related to the discovery that the representation as to the value of the land was false. The second request submitted the whole question of the materiality of the representation to the jury, without any guidance from the court, and was properly refused. The fifth request, relating to the representations as to value, was not applicable to any issue in the case, because the court explicitly charged the jury that no such representation was in fact made.

The third request was considered in the Jensen Case (C. C. A. No. 5693) 36 F.(2d) 936, and the fourth request is similar to one of the requests considered in the Zdarsky Case (C. C. A. No. 5698) 36 F.(2d) 939, just decided.

The judgment is affirmed.