SACRAMENTO SUBURBAN FRUIT LANDS
CO. v. JOHNSON et al. *

Circuit Court of Appeals, Ninth Circuit.
December 17, 1929.

No. 5721.

*Rehearing denied February 10, 1930.

Butler, Van Dyke & Desmond, of Sacramento, Cal., and Edward P. Kelly, of Minneapolis, Minn., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. This is one of the Rio Linda or Sacramento Suburban Fruit Lands cases.

Upon the question of the statute of limitations (Code Civ. Proc. § 338, subd. 4) it is thought the complaint as amended was sufficient as against a demurrer on that ground, and no other serious question is raised by the demurrer; and, as against the motion for a directed verdict, we think the evidence was clearly such as to require submission of the issue to the jury. It is not the law, as in this and other cases of the group appellant seems to contend, that one who in good faith and reasonably contracts with another, in reliance upon the latter's representations and assurances touching material facts, must thereupon proceed diligently to find out whether he has been defrauded. He has the right to proceed upon the assumption that he has been honestly dealt with until by reason of some occurrence, fact, circumstance, or condition coming to his knowledge, he has ground to suspect he has been deceived. Of course he cannot close his eyes to that which is obvious or to easily observable conditions and so deny knowledge, but without something to arouse his suspicion he is not bound to make quest for a lurking fraud.

This comment we make, not only in respect of appellant's demurrer and motion for directed verdict, but also its requested instructions on the issue of the statute of limitations. While appellant now criticizes, it attempted no exception of any character to the instruction given by the court upon that subject.

Appellant took exception to the failure of the court to give its requested instruction No. 2, to the effect that, if plaintiff discovered

that a material representation concerning the land purchased was false, he was presumed to have knowledge of the truth or falsity of other representations and was bound to bring his action within three years from such discovery. The request is identical with that considered by us in the Tipper Case (No. 5701) 36 F.(2d) 941, decision this day filed, and the assignment is ruled adversely to appellant by that case. Another assignment involves the failure to give a request, couched in general terms, upon the expression by the seller of a mere opinion, judgment, probability, or expectancy, etc., the request being identical with that considered by us in the Zdarsky Case (No. 5698) 36 F.(2d) 939, decision this day filed, and for the reasons there stated it is held that the action of the court does not constitute reversible error.

The remaining assignment is based upon an attempted exception "to the court's instructions upon the present adaptability of the soil of this lot to commercial orcharding." Without the aid of appellant's brief we would hardly be able to conjecture what point was intended to be made by such an exception. Clearly, we think, it was too general and wholly insufficient to advise the trial court of the nature of the intended objection.

The judgment is affirmed.