Tanya GUIDI, Plaintiff—Appellant,

v.

STRYKER CORPORATION; Howmedica Osteonics Corporation, Defendants—Appellees.

No. 03–55410.
D.C. No. CV–02–04918–PA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 2004.

Decided Jan. 7, 2005.

Wendy C. Lascher, Esq., Lascher & Lascher, Ventura, CA, for Plaintiff–Appellant.

Melissa J. Welebir, Esq., Welebir & McCune, Redlands, CA, Ralph A. Campillo, Esq., Sedgwick, Detert, Moran and Arnold, Los Angeles, CA, for Defendants–Appellees.

Before BROWNING, PREGERSON, and BERZON, Circuit Judges.

## MEMORANDUM *

When Tanya Guidi was seventeen years old, a congenital hip disorder forced her to undergo total hip replacement surgery. Ten years later, Guidi noticed that her left hip would "catch and pop with pain." After conferring with the orthopaedic surgeon who had implanted her prosthetic hip, Guidi was advised that the prosthesis had worn out and was severely damaging her pelvic bone. Guidi consulted with a second orthopaedic surgeon, who also advised her that the hip prosthesis had worn out and that she needed to undergo a second, restorative surgery. Guidi underwent restorative surgery on March 8, 2001. After that surgery, it was discovered that her hip prosthesis was defective and not simply worn out as she had been told by her doctors.

Guidi then filed suit against Stryker Corporation and Howmedica Osteonics Corp. (collectively "Stryker"), the makers of her hip prosthesis. In her suit, Guidi seeks damages for strict product liability, negligent product liability, breach of duty to warn, breach of warranty, and general negligence. At issue here is the district court's order granting Stryker's motion for summary judgment. In so ruling, the district court concluded that Guidi had knowledge that the hip prosthesis was defective thirteen months before she filed suit and, thus, that her suit was barred by the statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

We review the district court's order granting or denying summary judgment de novo. *See Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See Olsen v. Idaho State Bd. of Medicine,* 363 F.3d 916, 922 (9th Cir.2004). Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Under the applicable California Code of Civil Procedure section, a personal injury action in a products liability claim must be brought within one year of the accrual of the plaintiff's claim.[1] *See* Cal.Civ.Proc. Code § 340(3) (2001); *see also Hopkins v. Dow Corning Corp.,* 33 F.3d 1116, 1120 (9th Cir.1994). A cause of action begins to accrue on the date of the plaintiff's injury, unless the discovery rule applies. *Hopkins,* 33 F.3d at 1120. "Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." *Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103, 1110, 245 Cal.Rptr. 658, 751 P.2d 923 (1988).

Taking the facts in the light most favorable to Guidi, by January 2001, Guidi knew only that her hip would occasionally slip in and out of place, during which time it would make a popping sound. After she saw a second orthopaedic surgeon on February 28, 2001, Guidi knew that her pelvic bone was severely damaged and that her hip prosthesis was missing half of its cup. Thus, as of February 28, 2001, Guidi knew she was injured and required surgery, but she did not know, or necessarily have reason to suspect, that a defective product might have tortiously caused her injury. Indeed, until her hip prosthesis was removed on April 9, 2001, Guidi had no reason to know or suspect that her injury was the result of anything other than what her doctors had told her, i.e., that her hip prosthesis had deteriorated over time. Because she filed suit within one-year of that date, her suit is not time barred. *See Hopkins,* 33 F.3d at 1120 ("Under California's discovery rule, the accrual date of a cause of action is delayed until the plaintiff

is aware of her injury and its negligent cause.").

Accordingly, the district court's summary judgment in defendants' favor is REVERSED and the matter is REMANDED for further proceedings.

---

1. In January 1, 2003, California extended this limitations period to two years. *See* Cal.Civ. Proc.Code § 335.1. Because Guidi's claim was filed before this revision, the former one-year statutory period applies here.