Filed 3/2/15  Paregian v. Rippey CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| SAM PAREGIAN,<br><br>　　　　Plaintiff and Appellant,<br><br>　v.<br><br>DENNIS RIPPEY et al.,<br><br>　　　　Defendants and Respondents. | C073238<br><br>(Super. Ct. No. 39-2012-00283778-CU-FR-STK) |

In 2002, defendant Dennis Rippey gave plaintiff Sam Paregian a check for more than $120,000 as compensation for agricultural products.  Paregian lost the check and asked for a new one.  At first, Rippey claimed that adjustments needed to be made but then, in 2004, claimed Paregian had already cashed the check.  In 2011, Paregian found the uncashed check and filed this action for financial elder abuse, fraud, intentional infliction of emotional distress, and other causes of action.  The trial court, however, sustained Rippey's demurrer, finding that the causes of action were time-barred.

1

On appeal, Paregian contends the trial court misapplied the discovery rule and equitable estoppel. Finding no error, we affirm.

BACKGROUND

"It is well established that a demurrer tests the legal sufficiency of the complaint. [Citations.] On appeal from a dismissal entered after an order sustaining a demurrer, we review the order de novo, exercising our independent judgment about whether the complaint states a cause of action as a matter of law. [Citations.] We give the [complaint] a reasonable interpretation, reading it as a whole and viewing its parts in context. [Citations.] We deem to be true all material facts that were properly pled. [Citation.] We must also accept as true those facts that may be implied or inferred from those expressly alleged. [Citation.] We may also consider matters that may be judicially noticed, but do not accept contentions, deductions or conclusions of fact or law. [Citation.]" (*City of Morgan Hill v. Bay Area Air Quality Management Dist.* (2004) 118 Cal.App.4th 861, 869-870; see also *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

With that standard in mind, we recount the background of this case.

Paregian claims in his opening brief that he filed a complaint against Rippey on July 13, 2012, but he provides no record citation for this claim. (See Cal. Rules of Court, rule 8.204(a)(1)(C), requiring citation to record for each matter referenced.) In fact, the first document in the clerk's transcript is the first amended complaint filed on November 5, 2012. Since this appeal focuses on whether Paregian's causes of action were time-barred, it is important to establish when he initiated this action. However, since the appeal fails even assuming that his complaint was filed on July 13, 2012, we will overlook the failure to cite to the record and consider that filing date. (Cal. Rules of Court, rule 8.204(e)(2)(C).)

In the first amended complaint, Paregian alleged five causes of action against Dennis Rippey and Lodi Vinters, Inc. (collectively, Rippey): (1) financial elder abuse,

2

(2) fraud, (3) money had and received, (4) account stated, and (5) intentional infliction of emotional distress.

On February 1, 2002, Rippey gave Paregian a check for $121,662.28 for agricultural products. Paregian misplaced the check, and asked Rippey to reissue it. From March 2002 to April 2004, Rippey claimed that he needed to make adjustments to the amount owed to Paregian before he could reissue the check. Then, in May 2004, and after that date, Rippey claimed that Paregian had already cashed the check and that Rippey no longer owed Paregian money. In January 2011, almost seven years after Rippey claimed he no longer owed money, Paregian found the uncashed check in his own storage. After Paregian found the check, he demanded payment from Rippey, but Rippey rejected the request.

Concerning the reasons for the delay in bringing the action, which are relevant to Paregian's attempt to apply the discovery rule to preserve his action, Paregian alleged that at the time of the original transaction he was 75 years old. He was "an elderly man with a diminished memory, and diminished capacity to handle his complicated affairs, including a vulnerability to trusting representations that the Elder Abuse statute is designed to protect elders against." In the 10 years from the original issuance of the check and Paregian's discovery of the check in his own possession, he "oversaw and solely managed a substantial farming operation, a dentist practice . . . , a winery development partnership with the help of two partners, the sale of commercial properties, the entitlement of commercial properties and other business interests." He had "scores of accounts and hundreds of payment receipts exceeding $100,000 over the relevant period." Paregian had dealt with Rippey and trusted him. And Paregian was involved in a multi-million-dollar property lawsuit which caused "severe stress, confusion, enormous time constraints and pressure, adding stress and further diminishment in memory, time available and competency." Rippey refused to tell Paregian how much the check was for

3

and when he gave it to Paregian, which prevented Paregian from checking his records to confirm he had received it.[1]

Rippey demurred to the first amended complaint, and the trial court sustained the demurrer without leave to amend. It found that each cause of action was barred by the applicable statute of limitations and that Rippey was not equitably estopped from asserting the statutes of limitations. The trial court also found that Paregian had not pleaded a cause of action for intentional infliction of emotional distress because the conduct was not extreme and outrageous.

Judgment was entered based on the sustaining of the demurrer.

DISCUSSION

I

*Elder Abuse Cause of Action*

Welfare and Institutions Code section 15657.7 prescribes the statute of limitations for elder abuse and bars an action commenced more than four years after the plaintiff discovers or should have discovered the abuse. "An action for damages . . . for financial abuse of an elder . . . shall be commenced within four years after the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered, the facts constituting the financial abuse." (Welf. & Inst. Code, § 15657.7.) To determine whether the trial court properly sustained the demurrer as to this cause of action, we must decide whether the facts pleaded by Paregian established that he discovered, or should

---

[1]     Paregian cites several "facts" in the body of his opening brief that are not found in the record. For example, he claims he "had no recollection of a deposit and couldn't find a record of it. However, [] Rippey insisted on several occasions that the deposit had in fact been made and based upon [Paregian's] trust in [Rippey], [Paregian] began to believe that the deposit had in fact been made and he made some mistake in the deposit." Paregian's citation to the record does not support this factual statement. We therefore ignore it and similar unsupported statements of fact. (Cal. Rules of Court, rule 8.204(a)(1)(C); *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239.)

4

have discovered through exercise of reasonable diligence, the facts constituting financial elder abuse no earlier than July 2008, which is four years before he filed his complaint. We conclude Paregian's elder abuse cause of action is barred because he should have discovered the facts constituting financial abuse before July 2008.

The Supreme Court explained the standard we apply when determining whether a plaintiff discovered or should have discovered the basis for the action. (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 807-809 (*Fox*).)

"The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action. The discovery rule does not encourage dilatory tactics because plaintiffs are charged with presumptive knowledge of an injury if they have ' " 'information of circumstances to put [them] on inquiry' " ' or if they have ' " 'the opportunity to obtain knowledge from sources open to [their] investigation.' " ' [Citation.] In other words, plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation.

"The Legislature, in codifying the discovery rule, has also required plaintiffs to pursue their claims diligently by making accrual of a cause of action contingent on when a party discovered or should have discovered that his or her injury had a wrongful cause. [Citations.] This policy of charging plaintiffs with presumptive knowledge of the wrongful cause of an injury is consistent with our general policy encouraging plaintiffs to pursue their claims diligently. [Citation.]

"In order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.' [Citation.] In assessing the sufficiency of the allegations of

delayed discovery, the court places the burden on the plaintiff to 'show diligence'; 'conclusory allegations will not withstand demurrer.' [Citation.]

"Simply put, in order to employ the discovery rule to delay accrual of a cause of action, a potential plaintiff who suspects that an injury has been wrongfully caused must conduct a reasonable investigation of all potential causes of that injury. If such an investigation would have disclosed a factual basis for a cause of action, the statute of limitations begins to run on that cause of action when the investigation would have brought such information to light. In order to adequately allege facts supporting a theory of delayed discovery, the plaintiff must plead that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." (*Fox, supra,* 35 Cal.4th at pp. 807-809, fn. & italics omitted.)

Here, a reasonable investigation soon after Rippey claimed the check was cashed would have revealed that Rippey was lying. Even if he could not remember, Paregian believed the check had not been cashed, as shown by his request to Rippey to issue a new check. An investigation into his own records would have established that he had not cashed the check. That his records were extensive does not excuse failing to undertake an investigation. Therefore, through the exercise of reasonable diligence, Paregian would have discovered the facts constituting financial elder abuse soon after Rippey lied in 2004. Applying the elder abuse statute of limitations, Paregian had to file this action by 2008.

Paregian contends that the facts he alleged concerning delayed discovery establish that he could not have discovered Rippey's lie until he found the uncashed check in 2011. He argues that, "given [his age] (78 in 2004) coupled with the various complex legal matters (2 separate large business litigation suits in 2002 through 2009), various business endeavors (operated at least 4 different business [*sic*] in 4 banks with a number of accounts) and the high level of trust in [Rippey] based upon previous business dealings it

6

is easy to see that despite a reasonable and diligent inquiry into the truth of [Rippey's] statements it was hard for [Paregian] to detect the fraud. [¶] Given [Rippey's] 2004 misrepresentations that [Paregian] had already deposited the check in question over a year prior without providing the date of deposit, the amount of deposit, which account the allege [*sic*] deposit was placed into or which of [Rippey's] entities the check was made from, and the cognitive ability of [Paregian], [Paregian] was barred from reasonably discovering that [Rippey] had failed to provide him with the money owed to him."

This scattergun argument fails. Paregian had to suspect in 2004 that Rippey was lying when Rippey's delaying tactic went from claiming that adjustments had to be made to claiming that the check had already been cashed. At that point, reasonable diligence required Paregian to review his records, even if, because of his wide-ranging business ventures, those records were extensive and complex, to determine whether Rippey was lying.

Paregian's age, by itself, did not excuse his duty of inquiry. On the facts stated in the first amended complaint, neither did his cognitive abilities. In the complaint, Paregian alleged that he "was an elderly man with a diminished memory, and diminished competency to hand his complicated business affairs, including a vulnerability to trusting representations . . . ." A general allegation of diminished memory and competency is insufficient to delay the running of the statute of limitations, which requires reasonable diligence of a person engaging in his own varied business ventures.

Paregian cites *Ogier v. Pacific Oil & Gas etc. Corp.* (1955) 132 Cal.App.2d 496 (*Ogier*) as authority for his contention that his age-related diminished capacity prevented the running of the statute of limitations. In that case, the court held that the elderly plaintiff's delay in discovering the facts was reasonable given her confidential relationship with the defendant. (*Id.* at p. 507.) The defendant in *Ogier* defrauded the plaintiff by selling her interest in land that he told her falsely would potentially produce oil. "[A]t the time of the transaction plaintiff was 75 years of age, had poor eyesight and

a progressively declining physical condition, her faculties were impaired and she was easily influenced by defendant [] in whom she reposed great trust and confidence; that he deliberately sought her trust so that he could induce her to enter into the described transactions; that he always saw her alone; that she accepted his word for everything and that a confidential relationship existed between them . . . ." (*Id*. at p. 502.) The court held: "Plaintiff's allegations of the existence of the fiduciary relationship between her and [defendant], her age and condition and the other circumstances of the case, were sufficient to account for her failure to discover the true facts, until the dates alleged. Her causes of action did not accrue until the discovery of such facts. [Citation.] She alleged that because of some transaction she had with [defendant] in October or November, 1952 (a transaction not here involved) she began to suspect that she had been imposed upon. She thereupon employed an attorney to investigate for her and upon his reporting to her the results of his investigation she first learned the true facts." (*Id*. at p. 507.)

*Ogier* is distinguishable. In that case, the court found a confidential relationship existed between the plaintiff and defendant. Here, although Paregian alleged that he trusted Rippey, there was no confidential relationship. As alleged, the relationship between Paregian and Rippey consisted of no more than arms-length business transactions. Also, in *Ogier*, the plaintiff had an attorney investigate when she had reason to suspect the fraud. That investigation led to discovery of the fraud and filing of the lawsuit. Here, Paregian should have suspected wrongdoing in 2004, when Rippey claimed the check had been cashed. Yet no investigation took place. The plaintiff in *Ogier* acted in a reasonably diligent manner, while Paregian did not.

Accordingly, Paregian's first amended complaint did not allege facts sufficient to establish that the statute of limitations on an elder abuse cause of action had not run when he initiated this action.

II

*Fraud Cause of Action*

Paregian contends that his fraud cause of action was not time-barred because (1) he did not become aware of Rippey's fraud until he found the check in 2011 and (2) Rippey committed a continuing fraud over several years. We conclude the contention is without merit.

Paregian's fraud cause of action is governed by Code of Civil Procedure section 338, which provides that the statute of limitations for a fraud cause of action is three years. The statute also provides that "[t]he cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." (Code Civ. Proc. § 338, subd. (d).)

The Supreme Court's formulation of the discovery rule in *Fox*, detailed above, applies to fraud causes of action. (*Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1472.) Therefore, Paregian's contention that his fraud cause of action is not time-barred because he did not discover the fraud until he found the check is without merit because a reasonable investigation would have uncovered the fraud.[2]

Paregian protests that Rippey assured him on numerous occasions that Paregian was being treated fairly. But that is the nature of fraud. When Rippey changed his position to claiming that Paregian had cashed the check, Paregian should have investigated.

Paregian's contention that his fraud cause of action was not time-barred because Rippey committed a continuing fraud is stated only briefly (in one sentence), with no

---

**2** Paregian cites a 1929 case from the Ninth Circuit Court of Appeals (*Sacramento Suburban Fruit Lands Co. v. Johnson* (1929) 36 F.2d 948) in support of his contention. We are not bound by decisions of the Ninth Circuit, especially in matters pertaining to California law. (*Roskind v. Morgan Stanley Dean Witter & Co.* (2000) 80 Cal.App.4th 345, 355.) In any event, the California authorities cited above state the applicable law.

9

reasoned argument, and is not supported by any citation to authority. Therefore, he has forfeited that contention. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Valov v. Department of Motor Vehicles* (2005) 132 Cal.App.4th 1113, 1132.)

## III

### *Money Had and Received and Account Stated Causes of Action*

Making the same argument about the discovery rule that he made in discussing the other causes of action, Paregian contends that his causes of action for money had and received and for account stated were not time-barred. Again, we refer to our discussion above, and we conclude that Paregian's causes of action for money had and received and for account stated are time-barred.

## IV

### *Emotional Distress Cause of Action*

Citing another federal opinion, this one unpublished (*Guidi v. Stryker Corp.* (2005) 120 Fed.Appx. 45), Paregian claims that the two-year statute of limitations for a tort cause of action (Code Civ. Proc., § 335.1) had not expired when he filed his complaint because of California's discovery rule. Our analysis above suffices on this issue.

In addition to its conclusion that Paregian's cause of action for intentional infliction of emotional distress was barred by the statute of limitations, the trial court also concluded that the cause of action was without merit because the conduct alleged was not extreme and outrageous. On appeal, Paregian asserts that Rippey's conduct was intentional, citing *Spackman v. Good* (1966) 245 Cal.App.2d 518, at page 530. This assertion misses the point. The trial court found that the conduct was not extreme and outrageous (see *Davidson v. City of Westminster* (1982) 32 Cal.3d 197, 209 [conduct must be extreme and outrageous]), not that it was unintentional. Accordingly, this assertion is also without merit.

10

V

*Equitable Estoppel*

Paregian contends that Rippey should be equitably estopped from asserting that the causes of action alleged in the complaint are time-barred.  We conclude the trial court properly found that equitable estoppel did not apply because Paregian was not justifiably ignorant of the true state of facts.

" ' "One cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought." ' [Citation.]  But one of the elements required for estoppel is justifiable ignorance of the true facts by the party claiming estoppel." (*Kiernan v. Union Bank* (1976) 55 Cal.App.3d 111, 116-117.)

On the issue of equitable estoppel, the trial court wrote:  "[Paregian's] lack of diligence cannot be overlooked.  [Paregian] failed to do any investigation and now tries to sue about eight years after he should have discovered that the check was not cashed. [Paregian] knew as early as March 2002 that he had not been paid on a $121,662 check. In spite of this, he waited over 10 years to commence this action."

We agree with the trial court that Paregian's failure to investigate whether he had cashed the check rendered unjustifiable his alleged ignorance of the fact that he had not cashed it.  Accordingly, his contention that Rippey should be equitably estopped from asserting the statute of limitations is without merit.

## DISPOSITION

The judgment is affirmed.  The parties will bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


                                                NICHOLSON    , J.


We concur:


      BLEASE       , Acting P. J.


       DUARTE     , J.